IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

PAMELA K. HOLLAR, PERSONAL
REPRESENTATIVE OF THE ESTATE
OF THOMAS HOLLAR, DECEASED,

    Plaintiff,

v.                                                   Civil Action No. 5:05CV66

COMMERCIAL BAG COMPANY
and STEPHEN KEOGH, PERSONAL
REPRESENTATIVE OF THE ESTATE
OF GARY EGBERS, DECEASED,

    Defendants.

## **MEMORANDUM OPINION and ORDER**

I. Introduction

A. <u>Background</u>. On June 23, 2006 came Plaintiff, by D. Bruce Kehoe, Esq., via telephone, and Defendants, by Thomas C. Sokol, Esq., and William R. Slicer, Esq., via telephone, for a hearing on Plaintiff's Motion for Leave to Serve Additional Requests for Production Upon Defendants (Doc. 47). Testimony was not taken and no other evidence was introduced.

    B.     <u>The Motion</u>.

        Plaintiff's Motion for Leave to Serve Additional Requests for Production Upon Defendants.[1]

    C.     <u>Decision</u>. Plaintiff's Motion for Leave to Serve Additional Requests for

---

[1] Docket No. 47.

Production Upon Defendants[2] is **DENIED** because it is untimely and barred by the Court's Scheduling Order.

## II. Facts

On June 25, 2005, the Court entered a Scheduling Order requiring that all discovery be served and completed by July 3, 2006. On June 16, 2006, Plaintiff filed a Motion for Leave to Serve Additional Requests for Production Upon Defendants requesting that the Court allow Plaintiff to serve additional requests for production on Defendant.

## III. Discussion

A. <u>Contentions of the Parties</u>.

Plaintiff requests leave of Court to serve additional requests for production upon Defendants because Defendants have failed to produce the informally requested financial documents, which are necessary for Plaintiff to prosecute the action.

Defendant counters that it would be inequitable to allow Plaintiff leave to file additional requests for production at this late stage of the litigation.

B. <u>The Standards</u>.

1. <u>Discovery - Production of Documents - Scope</u>. "Any party may serve on any other party a request (1) to produce and permit the party making the request, or someone acting on the requestor's behalf, to inspect and copy, any designated documents ... or to inspect and copy, test, or sample any tangible things which constitute or contain matters within the scope of Rule 26(b) and which are in the possession, custody or control of the party upon whom the request is served." Fed. R. Civ. P. 34(a).

---

[2] Docket No. 47.

2. <u>Discovery - Production of Documents - Procedure</u>. "The party upon whom the request is served shall serve a written response within 30 days after the service of the request. A shorter or longer time may be directed by the court or, in the absence of such an order, agreed to in writing by the parties, subject to Rule 29." Fed. R. Civ. P. 34(b).

C. <u>Discussion</u>.

The Federal Rules of Civil Procedure provide that a party upon whom requests for production are served is permitted up to thirty (30) days to respond, unless ordered otherwise by the court or agreed by the parties. Fed. R. Civ. P. 34(b). "Therefore, requests must be served at least thirty days prior to a completion of discovery deadline." <u>Thomas v. Pacificorp</u>, 324 F.3d 1176 (10th Cir. 2003).

Plaintiff argues that Defendants have failed to produce the informally requested financial documents, which are necessary for Plaintiff to prosecute the action. Therefore, Plaintiff is requesting that the Court allow Plaintiff to serve additional requests for production on Defendant.

The Court's June 25, 2005 Scheduling Order was, however, clear and unambiguous. The Court's June 25, 2005 Scheduling Order requires that all discovery be served and completed by July 3, 2006. However, Plaintiff's proposed requests for production would not be due until after the discovery deadline and, thus, would not allow Defendants to comply with the Court's June 25, 2005 Scheduling Order.

The Court further notes that Plaintiff provides no explanation for the failure to serve these requests in a more timely manner. For example, Defendants' May 24, 2006 letter specifically states that they would produce financial documents solely for the purpose of furthering settlement negotiations in this matter. (Def.'s Reply to Pl.'s Motion for Leave, Ex.

A.) Thus, Plaintiff had no reasonable expectation that Defendants were willing to produce financial documents for use in the litigation. Additionally, Plaintiff had the opportunity to file any discovery requests following the May 31, 2006 mediation, which did not succeed in resolving this matter. Therefore, Plaintiff's Motion for Leave to Serve Additional Requests for Production Upon Defendants is **DENIED**.

IV. Decision

For the foregoing reasons, Plaintiff' Motion for Leave to Serve Additional Requests for Production upon Defendants is **DENIED**.

Any party may, within ten (10) days after being served with a copy of this Order, file with the Clerk of the Court written objections identifying the portions of the Order to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to the District Court Judge of Record. Failure to timely file objections to the Order set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Order.

Filing of objections does not stay this Order.

The Clerk of the Court is directed to mail a copy of this Order to parties who appear pro se and any counsel of record, as applicable.

DATED: July 21, 2006

/s/ James E. Seibert  
JAMES E. SEIBERT  
UNITED STATES MAGISTRATE JUDGE